UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FERNANDO ROMERO d/b/a )
FERNY'S ELECTRONICS, )
　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　)　Case No. _____
HARTFORD CASUALTY )
INSURANCE COMPANY, a foreign )
corporation, and JOHN DOE, )
　　　　　　　　　　　　　　　　　)
　　　Defendants.

## NOTICE OF REMOVAL

Defendant Hartford Casualty Insurance Company ("Hartford") removes this action from the First Judicial District Court, County of Santa Fe, State of New Mexico to the New Mexico United States District Court. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### I. Introduction.

This lawsuit involves a dispute over insurance benefits under a Spectrum insurance policy. Plaintiff Fernando Romero ("Plaintiff") seeks to recover for the losses he alleges he incurred after an armed robbery occurred at Ferny's Electronics on February 11, 2013. (Ex. A, Compl. ¶¶ 10, 12-14.) Hartford has

already paid Plaintiff for the structural damage to the insured property and for his personal property loss claims. (*Id.* ¶ 43.) Plaintiff's remaining claims are for business income and investigation expenses.

Plaintiff has sued Hartford alleging five causes of action: (1) bad faith (*id.* ¶¶ 46-49), (2) violation of the unfair practices act (*id.* ¶¶ 50-52), (3) violation of the unfair insurance practices act (*id.* ¶¶ 53-55), (4) breach of contract (*id.* ¶¶ 56-57), (5) trespass to real property (*id.* ¶¶ 61-64). In addition to compensatory damages (business loss and investigation expenses), Plaintiff alleges he is entitled to consequential damages, punitive damages, treble damages under the Unfair Practices Act, NMSA, 1978 § 57-12-10, attorneys' fees under the Trade Practices and Frauds Act, NMSA, 1978 § 59A-16-30, costs, prejudgment interest, and post-judgment interest. (*Id.* ¶¶ 52, 57, 58-60, Prayer for Relief.)

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the properly joined parties are diverse and all of the information, viewed together, presents a "plausible allegation" that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 554 (2014).[1]

---

[1] The "plausible allegation" standard from *Dart* applies even if the case is not being removed under CAFA. *See, e.g., Regents of the Univ. of N.M. v. Am. Family Mut. Ins. Co.*, No. CV 15-00179 WJ/SCY, 2015 WL 11111297, at *2 (D.N.M. May 6,

**II.     This Court Has Diversity Jursidiction Under 28 U.S.C. § 1332.**

   **A.     There is Diversity of Citizenship.**

   1. Plaintiff is a Citizen of New Mexico.

Plaintiff is a citizen of and resides in New Mexico.

   2. Hartford is a Citizen of Connecticut.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Hartford Casualty Insurance Company is a Connecticut insurance company with its principal place of business in Hartford, Connecticut.  Hartford's principal place of business is in Hartford, Connecticut because that is where Hartford maintains its principal executive offices and "nerve center," where its high level officers direct, control and coordinate the corporation's activities. *Friend*, 559 U.S. at 80.

   3. The Presence of Fictitious Defendants is Disregarded.

The citizenship of fictitious defendants is disregarded when determining whether there is diversity of citizenship for removal.  *McPhail v. Deere & Co.*, 529

---

2015) (applying the "plausible allegation" standard from *Dart* in a case removed under 28 U.S.C. § 1332(a)).

F.3d 947, 951 (10th Cir. 2008); *see also* 28 U.S.C. § 1441(b)(1). Accordingly, the alleged citizenship of "John Doe" does not work to prevent removal in this case.

### B. The Amount in Controversy Exceeds $75,000.[2]

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000, and does not need to provide evidence supporting that allegation. *Dart*, 135 S. Ct. at 554.

Plaintiff seeks the following categories of damages in this case: (1) compensatory damages, including business income and claim investigation expenses; (2) consequential damages; (3) punitive damages; (4) treble damages under the Unfair Practices Act, NMSA, 1978 § 57-12-10; and (5) attorneys' fees. (Ex. A, Compl. ¶¶ 52, 57, 58-60, Prayer for Relief.)

---

[2] In outlining the amount Plaintiff has placed in controversy, Hartford neither concedes Plaintiff is entitled to any relief nor waives any right to contest the amount of his claimed damages. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("The amount in controvsery is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation."). Hartford expressly denies liability and reserves its right to assert all defenses to Plaintiff's substantive claims, as well as to contest the amount of Plaintiff's alleged damages and his claim for attorneys' fees and costs.

Plaintiff alleges he is entitled to business income and investigation expenses under the Policy.  The Policy provides coverage for up to 12 months of business income, plus an additional 60 days of extended business income.  (Ex. B, Hartford Spectrum Policy, Policy No. 34 SBA RV0470, at Form SS 00 07 07 065 at 10-11; Form SS 04 08 09 07 at 6.)  It appears from Plaintiff's letters and his Complaint that he intends to seek the maximum amount available under the Policy because he contends that the Policy covers the business income he lost because he was never able to return to his business following the robbery.  (*See* Ex. A, Compl. ¶¶ 14, 19; Ex. C, Letter dated August 8, 2016; Ex. D, Letter dated April 28, 2016.)  Plaintiff has not specifically stated how much business income he contends he lost during the relevant period; however, he did provide his tax return, which shows that his business income in 2012 was $12,410.00.  (Ex. E, 2012 Income Tax Return.) Extrapolating from this number, Plaintiff will likely seek to recover a minimum of $15,000 in business income (the prior year's income plus an additional 60 days). The Policy further provides for up to $10,000 in investigation expenses.  (Ex. A, Compl. at Prayer for Relief; Ex. B., Policy at Form SS 04 08 09 07 at 1.) Combining these numbers together, Plaintiff will likely seek a minimum of $25,000 in insurance benefits, along with some additional amount for consequential damages.  (Ex. A, Compl. ¶ 57.)  Because Plaintiff claims he is

entitled to treble his actual damages pursuant to the Unfair Practices Act, NMSA, 1978 § 57-12-10, that brings the amount in controversy to over $75,000. *See Fairchild v. Progressive Direct Ins. Co.*, No. CIV 13-0911 KBM/LFG, 2013 WL 11327114, at *3 (D.N.M. Dec. 20, 2013) ("[T]he Court must consider a potential treble damages award . . . in evaluating the amount in controversy . . . .").

Even if Plaintiff's claims for compensatory, consequential, and treble damages do not bring the amount in controversy over the $75,000 mark—the amount in controversy easily exceeds $75,000 when you add in Plaintiff's claims for punitive damages and attorneys' fees. "A claim for punitive damages may be included in the jurisdictional amount to the extent of recover that New Mexico punitive-damage law allows." *See Walker v. THI of N.M. at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1327 (D.N.M. 2011). Under New Mexico law, punitive damage awards can reach a ratio of 7.4 to 1 with compensatory damages where there has been a finding of bad faith. *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 976 P.2d 1, 19 (N.M. 1998); *see also Muncey v. Eyeglass World, LLC*, 289 P.3d 1255 (2012) (punitive damages awarded at a ratio of 6.6:1 ratio).[3] Accordingly, by

---

[3] Moreover, New Mexico juries frequently award punitive damages in a greater than 1-to-1 ratio with compensatory damages. *See Progressive Cas. Ins. Co. v. Vigil*, 345 P.3d 1096 (N.M. Ct. App. 2015) ($37,000 compensatory and $11.7 million punitive), *certiorari granted*; *Am. Nat. Property & Cas. Co. v. Cleveland*, 293 P.3d 954 (N.M. Ct. App. 2012) ($20,000 compensatory and $50,000 punitive);

seeking punitive damages Plaintiff has placed "in controversy" up to an additional $550,000.

Plaintiff also seeks to recover attorneys' fees. "Attorney's fees can be included in the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorneys' fees." *Zozaya v. Standard Ins. Co.*, No., 2015 WL 11118066, at *4 (D.N.M. Jan. 26, 2015). One such basis is the New Mexico Trade Practices and Frauds Act, which "allows the Court to award attorney's fees to the prevailing party if the party charged with the violation has willfully engaged in the violation." *Id.* Plaintiff has alleged such a claim here and, therefore, may be entitled to recover his attorneys' fees if he proves that Hartford willfully violated the Act.

---

*O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) ($2,500 in compensatory and $20,000 in punitives); *Spurlock v. Townes*, No. 1:09-cv-00786, 2012 WL 12860564, at * 1 (D.N.M. May 9, 2012) ($100,000 in compensatory and $1,000,000 in punitives for two plaintiffs and $125,000 in compensatory and $1,000,000 in punitives for the third plaintiff), *affirmed, vacate, and reversed in part on other grounds*, 2016 WL 4743781 (10th Cir. Sept. 12, 2016); *Sowards v. Biotronik, Inc.*, New Mexico District Court, Third Judicial District, Case No. D-307-cv-2009-02563 ($2,323,673 in compensatory and $65,000,000 in punitives); *Beaudry v. Farmers Group, Inc.*, New Mexico District Court, First Judicial District, Case No. D-101-CV-2011-00646 ($1,000,000 in compensatory and $2,500,000 in punitive damages – trial court refused to remit punitive damage award); *Udy v. Standard E&S LLC*, New Mexico District Court, First Judicial District, Case No. D-101-CV-2011-00751 ($8,000,000 compensatory and $47,000,000 punitive).

### III. Removal Is Timely.

1. Plaintiff filed this action in the First Judicial District Court, County of Santa Fe, State of New Mexico on October 31, 2016.

2. The New Mexico Department of Insurance mailed the Summons and Complaint to Hartford on November 7, 2016.

3. Hartford received the Summons and Complaint on November 9, 2016. NMSA § 59A-5-32(B) ("Service of process on the insurer shall be complete upon receipt, or, in the event of a refusal to accept, the date of such refusal.").

4. As this Notice of Removal is being filed on December 7, 2016, the removal is timely. *See* 28 U.S.C. § 1446(b).

### IV. Hartford Has Met All Other Requirements for Removal.

1. This Court has diversity jurisdiction under 28 U.S.C. §1332.

2. Removal is proper pursuant to 28 U.S.C. § 1441 and 1446.

3. John Doe's consent is not required for removal because he has not been properly joined or served. *See* 28 U.S.C. § 1446(b)(2)(A).

4. Hartford has attached to this Notice copies of all process, pleadings and order filed with the State Court prior to the filing of this Notice of Removal. (*See* Ex. A, State Court Filings.)

- 9 -

5.   Hartford has also concurrently filed a copy of this Notice in the First Judicial District Court, Santa Fe County.

6.   Hartford has served a copy of this Notice upon Plaintiff's counsel.

7.   Hartford accordingly requests that the Court accept this Notice of Removal and assume jurisdiction in this case.

DATED:   December 7, 2016       LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: s/ Kristina N. Holmstrom
Kristina N. Holmstrom
Attorneys for Hartford Casualty Insurance Company
201 Third Street NW, Suite 1950
Albuquerque, NM 87102-4388
Tel: 602.262.5311
Fax: 602.262.5747
E-mail:  kholmstrom@lrrc.com

## CERTIFICATE OF SERVICE

I hereby certify on December 7, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Robert J. Mroz
Minal P. Unruh
Post Office Box 25467
Albuquerque, New Mexico 87125
Telephone: 505-242-2177
*Attorneys for Fernando Romero d/b/a*
*Ferny's Electronics*


*/s/ Kristina Holmstrom*
Kristina Holmstrom
*Attorneys for Defendant Hartford*
*Casualty Insurance Company*