**EXHIBIT A TO NOTICE OF REMOVAL**

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

FERNANDO ROMERO d/b/a
FERNY'S ELECTRONICS,

          Plaintiff,

vs.

Cause No.   D-101-CV-2016-02558

Case assigned to Singleton, Sarah

HARTFORD CASUALTY INSURANCE
COMPANY, a foreign corporation,
and JOHN DOE

          Defendants.

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff Fernando Romero d/b/a Ferny's Electronics, by and through his attorneys, Madison, Mroz, Steinman & Dekleva, P.A. (Robert J. Mroz and Minal P. Unruh), and for his Complaint against these Defendants, states as follows:

### PARTIES AND VENUE

1. Fernando Romero d/b/a Ferny's Electronics conducted business in Albuquerque, Bernalillo County, New Mexico.

2. The Hartford Casualty Insurance Company ("The Hartford") is a non-resident insurer, authorized to do business and conducting business in the State of New Mexico, and may be served with process through the Office of the Superintendent of Insurance.

3. John Doe is a claims adjuster who, upon information and belief, is a citizen and resident of New Mexico. The true identity of John Doe is unknown by Plaintiff despite Plaintiff's requests to The Hartford for the identity of the same. Upon discovery of the true identity of John Doe, Plaintiff will amend his Complaint to identify the anonymous defendant.

4. At all times relevant to this Complaint, John Doe was an employee and/or agent of Defendant The Hartford.

5. Jurisdiction and venue are proper in this district.

## GENERAL ALLEGATIONS

6. Fernando Romero operated Ferny's Electronics, located at 115 Yucca Dr. NW in Albuquerque, New Mexico.

7. The Hartford issued a Spectrum business insurance policy to Fernando Romero d/b/a Ferny's Electronics, policy number 34 SBA RV0470, that was effective May 4, 2012 to May 5, 2013 (hereinafter "Insurance Policy"). Pursuant to Rule 1-009(I) NMRA (2016), a copy of the Insurance Policy is not filed with this Complaint. The Hartford has equal possession or control of the policy.

8. The Insurance Policy provided coverage for Ferny's Electronics.

9. The coverage under the Insurance Policy included "Stretch Coverages" including protection for damage to buildings, loss of personal effects, and loss of business income.

10. During the effective term of the Insurance Policy, an armed robbery occurred at Ferny's Electronics on February 11, 2013.

11. After the armed robbery, Mr. Romero was discovered with serious and extensive personal injuries which required hospitalization.

12. Upon arrival at the University of New Mexico Hospital, Mr. Romero was in critical condition and bleeding from his brain and had a fractured skull. He was immediately taken into surgery.

13. As a result of the armed robbery, the building in which Ferny's Electronics was operated sustained extensive damage, as did much of the merchandise to be sold. Personal effects were also stolen during the armed robbery.

14. Also as a result of the armed robbery and Mr. Romero's serious and extensive injuries, income could no longer be generated from the electronic repair business.

15. On May 1, 2013, Plaintiff was notified by The Hartford that coverage under the Insurance Policy for the injuries sustained by Mr. Romero was denied and advised to forward additional information which may alter The Hartford's position as to coverage.

16. On May 28, 2013, The Hartford was notified that Plaintiff was represented by the undersigned in order to evaluate the propriety of denial of coverage under the Insurance Policy.

17. On March 3, 2014, The Hartford was notified that claims under the Insurance Policy were being pursued for damage to the building, personal property losses, and loss of business income.

18. On March 3, 2014, The Hartford was provided documentation and estimates of the damage to the building and of the personal property losses.

19. Additionally, on March 3, 2014, The Hartford was provided copies of tax return transcripts for 2008 through 2012 and notified that Mr. Romero was unable to continue with the business Ferny's Electronics.

20. On April 4, 2014, The Hartford, through a second claims adjuster, advised Plaintiff that the claim was delayed because estimates for damages to the building and support documentation for claimed personal property losses had not been received.

21.     On May 6, 2014, The Hartford again requested the documentation in support of the pending claims for damage to Ferny's Electronics, personal property loss, and loss of business income.

22.     On October 3, 2014, at the request of The Hartford, The Hartford was provided a personal property inventory and estimates in support of personal property loss; a structural damages form and estimates in support of structural damages; and a copy of the police report regarding the burglary of February 11, 2013.

23.     On November 17, 2014, Plaintiff was notified that a third The Hartford adjuster had been reassigned to handle the pending claims.

24.     After a telephone conference on November 18, 2014 with representatives for Mr. Romero and Ferny's Electronics, on January 13, 2015, The Hartford was provided with tax returns for 2012 and copies of sales receipts for December 2012 through January 2013, in support of the claim for loss of business income as requested by The Hartford.

25.     On February 12, 2015, for the first time, The Hartford requested that a completed Proof of Loss Sworn Statement be submitted.

26.     Additionally, on February 12, 2015, The Hartford again requested a list of damaged and/or stolen property along with other previously provided information in support of the pending claims.

27.     On March 30, 2015, The Hartford was again provided information in support of the pending claims for coverage and submitted the executed Proof of Loss Sworn Statement as requested by Hartford.

28.     On April 10, 2015, The Hartford again requested estimates in support of the damages to the building and indicated that a request had been made for inspection of the building.

29. On April 14, 2015, The Hartford notified Plaintiff that its agent and/or employee, claims adjuster, John Doe, had "driven by" Ferny's Electronics without the prior approval from or knowledge of a representative on behalf of Mr. Romero or Ferny's Electronics.

30. On June 30, 2015, information regarding the pending inspection indicated in the April 14, 2015 correspondence was requested so a representative on behalf of Mr. Romero and Ferny's Electronics could be present at that time.

31. Also on June 30, 2015, additional documentation in support of the pending claims was provided to The Hartford.

32. Plaintiff did not receive a response from The Hartford to the correspondence of June 30, 2015.

33. On July 30, 2015, The Hartford was again provided a narrative account of the events leading to the pending claims and was provided a list of the documentation submitted in support of such claims. A value at which The Hartford was willing to settle the pending claims was requested.

34. On July 30, 2015, The Hartford advised that the claims were now being handled by a fourth The Hartford adjuster. The Hartford indicated that the information provided on July 30, 2015 would be provided to the fourth adjuster.

35. On August 18, 2015, the fourth adjuster on behalf of The Hartford again requested, by telephone, information and documentation regarding the pending claims on behalf of Mr. Romero and Ferny's Electronics.

36. During the August 18, 2015 telephone conversation, The Hartford indicated, for the first time that an inspection had been conducted of Ferny's Electronics by the Defendant John Doe. The Hartford provided photographs that had been taken during said inspection without the

knowledge, and in the absence of, a representative on behalf of Mr. Romero and Ferny's Electronics. The photographs provided demonstrate that Defendant John Doe trespassed upon the premises.

37. On September 8, 2015, The Hartford was again provided a narrative of facts in support of the pending claims. All correspondence and documentation regarding the pending claims was again provided to the The Hartford in full.

38. On September 8, 2015, documentation regarding the inspection conducted solely by The Hartford was requested. No response was received.

39. Also on September 8, 2015, The Hartford was notified that the failure to resolve the claims on behalf of Mr. Romero constituted violations of New Mexico law and an amount was demanded to settle the pending claims. A response to the demand was requested to be received by September 18, 2015.

40. On October 20, 2015, The Hartford offered to resolve the claims regarding structural damage and the claims regarding the personal property. Additionally, The Hartford offered to resolve the loss of business income claim for a two-week period of restoration. The total amount offered was approximately 18.75% of the initial demand.

41. On November 18, 2015, the offer of settlement proffered by The Hartford was rejected and another amount was demanded to resolve all pending claims.

42. On December 2, 2015, The Hartford offered to resolve the structural damage and personal property loss claims for an amount slightly more than originally claimed for those items. Hartford offered to continue to negotiate the remaining claims.

43. On December 4, 2015, the offer to resolve the structural damage and personal property loss claims was accepted. The right to pursue the remaining claims was expressly preserved.

44. On April 28, 2016, in response to ongoing discussions regarding the remaining claims, an amount was demanded to resolve the claims for loss of business income, trespass, and violations of New Mexico law.

45. On June 10, 2016, after a telephone inquiry due to The Hartford's failure to respond to the April 28, 2016 letter, The Hartford offered to resolve the remaining claims on behalf of Mr. Romero for 6.25% of the prior demand.

## COUNT I – BAD FAITH

46. Fernando Romero d/b/a Ferny's Electronics incorporates by reference Paragraphs 1 through 45 of the Complaint as if fully stated herein.

47. The Hartford failed to act reasonably under the circumstances to conduct a timely and fair evaluation of Fernando Romero d/b/a Ferny's Electronics' claims.

48. The Hartford has unreasonably delayed in notifying Fernando Romero d/b/a Ferny's Electronics whether the claims for coverage under the Insurance Policy would be paid or denied.

49. The Hartford failed to act honestly and in good-faith performance of its obligations under the Insurance Policy.

## COUNT II – UNFAIR PRACTICES ACT

50. Fernando Romero d/b/a Ferny's Electronics incorporates by reference Paragraphs 1 through 49 of the Complaint as if fully stated herein.

51.　The Hartford's failure to accept and pay Fernando Romero d/b/a Ferny's Electronics' claim for coverage for the losses after charging and collecting premiums from Fernando Romero d/b/a Ferny's Electronics is a failure to deliver the quality of services contracted for by Fernando Romero d/b/a Ferny's Electronics, in violation of the Unfair Practices Act, NMSA 1978, § 57-12-1 *et seq.*

52.　As a result of the violations by The Hartford of the Unfair Practices Act, Fernando Romero d/b/a Ferny's Electronics is entitled to recovery up to three times its actual damages and attorney's fees and costs.

## COUNT III – UNFAIR INSURANCE PRACTICES ACT

53.　Fernando Romero d/b/a Ferny's Electronics incorporates by reference Paragraphs 1 through 52 of the Complaint as if fully stated herein.

54.　The Hartford has knowingly or with such frequency as to amount to a general business practice, violated, or willfully violated, New Mexico's Unfair Insurance Practices Act, NMSA 1978, § 59a-16-1 *et seq.* These violations include, without limitation:

 A. Failing to act reasonably promptly upon communication with respect to the claims at issue;

 B. Failing to adopt and implement reasonable standards for the prompt processing of insureds' claims arising under the Insurance Policy;

 C. Failing to adopt and implement reasonable standards for a prompt investigation of insureds' claims arising under the Insurance Policy;

 D. Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E.  Failing to exercise good-faith to effectuate prompt, fair, and equitable settlement of an insured's claim in which liability has been reasonably clear;

F.  Failing to promptly provide the insured with a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of the claim.

55.  As a result of the actions of The Hartford, Fernando Romero d/b/a Ferny's Electronics was required to retain attorneys, has been deprived of insurance coverage owed, and has suffered other damages in amounts to be proven at trial.

### COUNT IV – BREACH OF CONTRACT

56.  Fernando Romero d/b/a Ferny's Electronics incorporates by reference Paragraphs 1 through 55 of the Complaint as if fully stated herein.

57.  In failing to accept and settle Fernando Romero d/b/a Ferny's Electronics' claim for insurance coverage and claims investigation expenses, The Hartford, through its actions, has breached its express contractual and implied contractual obligations to Fernando Romero d/b/a Ferny's Electronics, depriving it of the coverage owed under the Insurance Policy and causing Fernando Romero d/b/a Ferny's Electronics to sustain consequential damages resulting from the breach of contract.

### COUNT V – PUNITIVE RELEIF

58.  Fernando Romero d/b/a Ferny's Electronics incorporates by reference Paragraphs 1 through 57 of the Complaint as if fully stated herein.

59.  The conduct of The Hartford in addressing and responding to Fernando Romero d/b/a Ferny's Electronics' claims for coverage was based on dishonest judgment through its failure

to honestly and fairly balance its own interests and the interests of the insured, Fernando Romero d/b/a Ferny's Electronics.

60. The conduct of The Hartford in addressing and responding to Fernando Romero d/b/a Ferny's Electronics' claims for coverage was intentional, fraudulent, oppressive, reckless and in wanton disregard of its insured's rights.

## COUNT IV – TRESPASS TO REAL PROPERTY

61. Fernando Romero d/b/a Ferny's Electronics incorporates by reference Paragraphs 1 through 60 of the Complaint as if fully stated herein.

62. At all times material to the Complaint, Plaintiff owned the property in Albuquerque, Bernalillo County, New Mexico where Ferny's Electronics was operated.

63. Defendant John Doe, as an employee and/or agent of The Hartford and at the behest of The Hartford, conducted an unauthorized inspection of the property at issue.

64. During the unauthorized inspection, Defendant John Doe intentionally, fraudulently and wanton disregard of Fernando Romero d/b/a Ferny's Electronics' rights entered the property without prior approval or permission.

**WHEREFORE,** Fernando Romero d/b/a Ferny's Electronics prays that the Court award it damages as follows:

   A. Coverage in the applicable limits owed under the Insurance Policy;

   B. Claim investigation expenses;

   C. Compensatory damages;

   D. Punitive damages;

   E. Exemplary damages allowed by statute;

   F. Attorneys' fees allowed by the above cited statutes and NMSA 1978, §39-2-1;

G. Pre- and post-judgment interest;

H. Costs; and

I. Such other relief as the Court considers just and proper.

Respectfully submitted,

MADISON, MROZ, STEINMAN
& DEKLEVA, P.A.

By: */s/ Minal P. Unruh*
 Robert J. Mroz
 Minal P. Unruh
 Post Office Box 25467
 Albuquerque, New Mexico, 87125
 Telephone: (505) 242-2177
 *Attorneys for Fernando Romero d/b/a*
 *Ferny's Electronics*

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/31/2016 10:59:05 AM
STEPHEN T. PACHECO
Maureen Naranjo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

FERNANDO ROMERO d/b/a
FERNY'S ELECTRONICS,

        Plaintiff,

vs.                                            Cause No.   D-101-CV-2016-02558
                                                   Case assigned to Singleton, Sarah

HARTFORD CASUALTY INSURANCE
COMPANY, a foreign corporation,
and JOHN DOE

        Defendants.

<h3 style="text-align:center"><u>SIX-PERSON JURY DEMAND</u></h3>

       **COMES NOW** Plaintiff, Fernando Romero, d/b/a Ferny's Electronics, by and through his attorneys of record Madison, Mroz, Steinman & Dekleva, P.A. (Robert J. Mroz and Minal P. Unruh) and pursuant to Rule 1-038 NMRA (2016), hereby demands a trial by a jury of six persons in connection with the above-captioned and numbered cause. The fee required by law for a six-person jury is submitted herewith.

                                                  Respectfully submitted,

                                                  MADISON, MROZ, STEINMAN
                                                  & DEKLEVA, P.A.

                                            By: */s/ Minal P. Unruh*
                                                   Robert J. Mroz
                                                   Minal P. Unruh
                                                 Post Office Box 25467
                                                 Albuquerque, New Mexico, 87125
                                                 Telephone: (505) 242-2177
                                                 *Attorneys for Fernando Romero d/b/a*
                                                 *Ferny's Electronics*

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/31/2016 4:15:10 PM
STEPHEN T. PACHECO
Angelica Gonzalez

| | |
|---|---|
| **SUMMONS** | |
| District Court: FIRST JUDICIAL<br>Bernalillo County, New Mexico<br>Court Address: 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504-2268<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2016-02558<br><br>Assigned Judge: Sarah Singleton |
| FERNANDO ROMERO d/b/a<br>FERNY'S ELECTRONICS,<br>                    Plaintiff(s):<br>v.<br>HARTFORD CASUALTY INSURANCE<br>COMPANY, a foreign corporation; and JOHN DOE<br>                    Defendant(s): | Defendant<br>Name:        The Hartford Casualty Insurance Company<br>Address: c/o Office of Superintendent of Insurance<br>P.O. Box 1689<br>Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court=s address is listed above.

3.       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at     SANTA FE           , New Mexico, this 31st day of  October  , 2016 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: *Angelica Gonzalez*
     Deputy

_____
Robert J. Mroz
Minal P. Unruh
Madison, Mroz, Steinman & Dekleva P.A.
P.O. Box 25467
Albuquerque, NM 87125
Telephone No.: 505-242-2177
Email Address: rjm@madisonlaw.com
Email Address: mpu@madisonlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (name of person), _____, (title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

  1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
  2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/2/2016 10:20:58 AM
STEPHEN T. PACHECO
Raisa Morales

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

FERNANDO ROMERO d/b/a
FERNY'S ELECTRONICS,

                      Plaintiff,

vs.                                      Cause No.  D-101-CV-2016-02558

HARTFORD CASUALTY INSURANCE
COMPANY, a foreign corporation,
and JOHN DOE

                      Defendants.

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that on the 2nd day of November, 2016, Plaintiff Fernando Romero d/b/a Ferny's Electronics' *First Set of Interrogatories and Requests for Production to The Hartford Casualty Insurance Company*, together with a copy of this *Certificate of Service*, were provided via U.S. Mail, postage pre-paid, to the Office of the Superintendent of Insurance, P.O. Box 1689, Santa Fe, New Mexico, 87504-1689 to be served along with the *Summons* and *Complaint for Damages*.

                                          Respectfully submitted,

                                          MADISON, MROZ, STEINMAN
                                          & DEKLEVA, P.A.

                                     By: */s/ Minal P. Unruh*
                                          Robert J. Mroz
                                          Minal P. Unruh
                                          Post Office Box 25467
                                          Albuquerque, New Mexico, 87125
                                          Telephone: (505) 242-2177
                                          *Attorneys for Fernando Romero d/b/a*
                                          *Ferny's Electronics*